**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

MARISSA Z.,                            )
on behalf of G.R.[1]                   )
                                       )
                    Plaintiff,         )         No. 25 C 6602
                                       )
          v.                           )         Magistrate Judge
                                       )         Maria Valdez
FRANK BISIGNANO,                       )
Commissioner of Social Security,       )
                                       )
                    Defendant.         )

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Marissa Z., on behalf of minor G.R.'s claims for Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's request to reverse the Commissioner's decision [Doc. No. 14] is denied, and the Commissioner's decision is affirmed.

---

[1] In accordance with Internal Operating Procedures – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name, and refers to the minor on behalf of whom Plaintiff brings this case by his initials only.

## BACKGROUND

### I. PROCEDURAL HISTORY

On October 13, 2020, Plaintiff filed an application for SSI on behalf of her minor child G.R., alleging disability since April 1, 2017, due to ADHD and potential autism. The claim was denied initially and upon reconsideration, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on May 3, 2022. After the hearing, the ALJ issued an unfavorable decision. Thereafter, the District Court reversed and remanded the case for further proceedings, directing the ALJ to (1) obtain evidence from a medical expert related to the nature and severity of and functional limitations resulting from G.R.'s impairments; (2) give further consideration to the opinion evidence; (3) give further consideration to whether G.R. has an impairment or combination of impairments that functionally equals the severity of the listings; and (4) further proceed through the sequential evaluation as warranted. On September 17, 2024, a second hearing was held, and on February 15, 2025, the ALJ again issued an unfavorable decision. Plaintiff then filed action in this Court seeking review of the Commissioner's decision.

### II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the three-step sequential evaluation process for minors established under the Social Security Act. *See* 20 C.F.R. § 412.924(a). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since the date of the application, October 13, 2020. At

2

step two, the ALJ concluded that Plaintiff had the following severe impairments: ADHD, speech and language impairment, and unspecified anxiety disorder.

At step three, the ALJ concluded that G.R. did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. In making this determination, the ALJ considered whether the paragraph B criteria are satisfied. *Id.* In order to satisfy the paragraph B criteria, the mental impairments must result in at least one extreme or two marked limitations in a broad area of functioning which are: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; or adapting or managing themselves. The ALJ determined that Claimant did not have any extreme or marked limitations.

Specifically, the ALJ found that G.R. had the following: less than marked limitation in attending and completing tasks; less than marked limitation in interacting and relating with others; no limitation in moving about and manipulating objects; less than marked limitation in the ability to care for himself; and no limitation in health and physical well-being. Thus, the ALJ found that G.R. did not have an impairment or combination of impairments that functionally equals a listing because G.R. did not have either marked limitations in two domains of functioning or extreme limitation in one domain of functioning. As such, the ALJ determined that G.R. was not disabled.

**DISCUSSION**

I. **ALJ LEGAL STANDARD**

3

Under the Social Security Act, a minor is disabled if they have a physical or mental impairment, or combination of impairments, that results in marked and severe functional limitations, and that have lasted or can be expected to last for a continuous period of not less than 12 months or can be expected to result in death. In order to determine whether a minor claimant is disabled, the ALJ considers the following three questions in order: (1) Is the claimant engaged in substantial gainful activity? (2) Does the Plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations?

## II.  JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus "limited to ensuring that substantial evidence supported the ALJ's decision and that the ALJ applied the correct legal standards." *Morales v. O'Malley*, 103 F.4th 469, 472 (7th Cir. 2024); *see Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not

4

high. Substantial evidence . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted); *see Warnell v. O'Malley*, 97 F.4th 1050, 1051 (7th Cir. 2024) ("[S]ubstantial evidence [is] a standard that the Supreme Court has emphasized is light.").

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether Plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841. At all times, the burden of demonstrating disability remains on the claimant. *See Summers v. Berryhill*, 864 F.3d 523, 527 (7th Cir. 2017). "It is not enough to nitpick the ALJ's order. To warrant reversal, [the claimant] must show that the ALJ's determination was not supported by substantial evidence." *Morales*, 103 F.4th at 471 (explaining further that claimants "must demonstrate with references to evidence why the ALJ's determinations lack substantial support in the administrative record").

ALJs therefore "are subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence . . . or cite support for every proposition or chain of reasoning." *Warnell*, 97 F.4th at 1053. However, even under this relatively lenient standard, an ALJ is not absolved of her

duty to support the decision with evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). ALJs must "provide an explanation for how the evidence leads to their conclusions that is 'sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the claimant] meaningful judicial review." *Warnell*, 97 F.4th at 1054; *see Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007); *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). Furthermore, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion" but must consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

## III.   ANALYSIS

Plaintiff argues that the ALJ's decision was in error because the ALJ failed to follow the Appeals Council Remand Order and did not adequately evaluate G.R.'s treating therapist's opinion. Plaintiff explains that the Appeals Council specifically stated that the ALJ did not adequately consider the opinion of G.R.'s treating therapist because in finding the opinion unpersuasive, the ALJ found that G.R. experienced significant improvement with medication, including extended-release medication; G.R. was able to get along with peers and adults at school; and there was little evidence of social isolation occurring repeatedly. However, the ALJ did

not cite any specific evidence, so it was unclear whether these factors referenced the therapist's own records, other evidence of record, or both.

On remand, the ALJ found the therapist's opinion that G.R. had extreme limitation in attending and completing tasks was somewhat supported by the therapist's own treatment records but not at all consistent with other records. The ALJ specifically cited notes from a treating psychiatrist and G.R.'s subsequent therapist, both of which found that G.R had intact concentration and attention. The ALJ also noted that G.R. and his mother both indicated that G.R.'s attention and concentration had improved significantly with medication.

Plaintiff argues that this, however, was insufficient because the ALJ did not correctly address consistency and supportability. Specifically, Plaintiff argues that the ALJ did not articulate (1) *how* the above evidence failed to support the therapist's opinion, (1) *how* the explanations from the therapist failed to support his opinion, (3) whether the therapist's opinion was consistent or inconsistent with other medical sources, and (4) whether the therapist's opinion was consistent or inconsistent with nonmedical sources.

As an initial matter, the ALJ did explain that he did not find the therapist's opinion consistent other medical sources, namely, the psychiatrist and the subsequent therapist. He also explained that he did not find the therapist's opinion consistent with the nonmedical sources of G.R.'s and his mother's account that G.R.'s attention and concentration had improved significantly with medication. Thus, the ALJ addressed points (3) and (4) above.

7

With respect to points (1) and (2), in making her argument, Plaintiff cites a bevy of evidence she claims supports the therapist's opinion. But this amounts to an attempt to have this Court reweigh the evidence which this Court may not do. *See Skinner*, 478 F.3d at 841. In citing the evidence the ALJ found contradicted the therapists' opinion, the ALJ's decision is clear on its face how he believed the evidence contradicted the opinion—the evidence is contrary to the opinion. Thus, the ALJ's conclusion was based on substantial evidence. *See Morales*, 103 F.4th at 471.

## CONCLUSION

For the foregoing reasons, Plaintiff's request to reverse the Commissioner's decision [Doc. No. 14] is denied, and the Commissioner's decision is affirmed.

**SO ORDERED.**                                      **ENTERED:**


**DATE:**    July 15, 2026                           _____
                                                     **HON. MARIA VALDEZ**
                                                     **United States Magistrate Judge**

8